Plaintiff, a former employee of the Hunters Point Naval Shipyard, San Francisco, California, seeks back pay, claiming that his removal should be invalidated in view of certain alleged procedural deficiencies. *894 This case came before the court on plaintiff’s and defendant’s motions for summary judgment, having been submitted on the briefs of the parties without oral argument of counsel. Upon consideration thereof, the court concluded as follows
1. Plaintiff has not shown any significant procedural violations in the course of his removal proceedings:
(a) The 24-hour notice provision which plaintiff invokes was not a rigid requirement and plaintiff was given almost that amount of notice; (b) Plaintiff was actually allowed 14 days to respond and this was a reasonable time; moreover, the 10-day provision which plaintiff invokes was not a rigid requirement ; (c) Plaintiff was given adequate opportunity to elect advisory arbitration but deliberately declined, thus waiving that particular remedy; (d) The prior offenses were actually within the applicable “reckoning periods”; (e) There was no lack of proper specificity in the charge or in the proof.
2. The administrative findings and determinations are adequately supported by substantial evidence, and there is no showing of an abuse of discretion. On May 18, 1978, by order, the court denied plaintiff’s motion for summary judgment, granted defendant’s cross-motion, and dismissed the petition.